EAU CLAIRE COUNTY, Respondent, vs. BANDOLI, Appellant.

*September 14—October 16, 1945.*

For the appellant there was a brief by *G. Erle Ingram,* attorney, and *David F. Nordstrom* of counsel, both of Eau Claire, and oral argument by *Mr. Nordstrom.*

*Henry E. Steinbring,* district attorney, for the respondent.

MARTIN, J.   On January 24, 1945, Walter Schwenk made complaint that "William F. Bandoli [defendant] on the 20th day of January, A. D. 1945, at the city of Eau Claire, in said county of Eau Claire and state of Wisconsin, did, being the driver of a vehicle involved in an accident resulting in injury to a person, to wit, Donald A. Brown, fail to immediately stop such vehicle at the scene of such accident, or as close thereto as possible, and fail to return to and remain at the scene of such accident, contrary to sec. 1.09 (1a) of the Eau Claire county traffic ordinance, contrary to the ordinance in such case made and provided and prays that the said William F. Bandoli may be arrested and dealt with according to law."

It appears that on the same date a warrant was issued by the county judge of Eau Claire county, directing that defendant be apprehended and brought before said county judge to be dealt with according to law.   No return appears to have been made on said warrant.   Same appears to have been filed in the county court on January 24, 1945.   It does not appear that defendant was arrested or brought before the county judge. The only record of proceedings had before the county judge is as follows:

January 24, 1945: Complaint filed and warrant issued to county traffic officer.   $11.45 bail forfeited.   MERRILL R. FARR, County Judge.

January 24, 1945: Transcript of conviction sent to motor vehicle department.

February 13, 1945: Notice of appeal to the circuit court and affidavit filed.

February 13, 1945: $4 appeal costs paid.

We assume that the bail money was forfeited because of defendant's failure to appear. There was no order for the forfeiture of bail. On February 13, 1945, the defendant served notice of appeal, which reads:

"Take notice, that the defendant above named, appeals from the judgment rendered in said court before you, in the above-entitled action, on Wednesday, January 24, 1945, in favor of the plaintiff and against the defendant, in which a forfeiture of bond in the amount of $11.45 amounted to a conviction on a charge of hit and run driving, to the circuit court, Eau Claire county, Wisconsin."

This notice of appeal was addressed to MERRILL R. FARR, county judge, pursuant to which a return was made to the circuit court for Eau Claire county, in which return it is certified that the foregoing constituted all of the record and proceedings had before the county judge.

When the case came on for trial in the circuit court on April 6, 1945, defendant entered a plea of not guilty. Before proceeding in the circuit court, other than the entry of defendant's plea of not guilty, the district attorney moved that the appeal be dismissed on the grounds that "an appeal can only be taken from the final judgment of the justice court. In forfeiting his bail, this man [defendant] made his own decision and that there is no appeal to be taken from his own decision." Whereupon the following took place:

"The Court: In other words, that the appeal be dismissed?
"Mr. Steinbring: Yes.
"The Court: The situation as I understand it is there is no conviction, therefore nothing to appeal from?
"Mr. Steinbring: That is it.

"The Court: It is merely a forfeiture of bail. He settled his case with the county by forfeiture of bail, and having made that compromise, there is no appeal open to him?

"Mr. Steinbring: That is my standpoint, Your Honor.

"The Court: Well, we have had that matter up before. We haven't had too satisfactory an answer on it, but I feel that the rule is that the statute should be strictly construed in favor of the defendant. We will proceed with the trial on the merits on the assumption that the right of appeal is open to him [defendant]. Of course, if the right of appeal isn't open to him, there is nothing to try and it is all disposed of."

The case proceeded to trial to the court without a jury. The court found defendant guilty as charged in the complaint and ordered and adjudged that defendant pay a fine of $50 and $15.65 costs; and, in default of the payment of such fine and costs, that the defendant be imprisoned in the county jail of Eau Claire county until such fine and costs are paid, for a period not exceeding thirty days.

Ch. 209, Laws of 1927, abolished the municipal court of the city of Eau Claire and conferred additional jurisdiction on the county court of Eau Claire county. Sec. 8 of said chapter provides:

"The general provisions of law relative to civil and criminal actions in courts of justices of the peace, shall apply to the said court [county court] as far as applicable, and appeals, civil and criminal, from said court, may be taken at the same time and in the same manner, and with like effect as is provided by law for appeals from judgments of justices of the peace."

Sec. 306.01, Stats., provides:

"*Appeals in justice court.* Any party to a final judgment rendered by a justice of the peace, and when a judgment shall be rendered against a garnishee the defendant in the original action, may appeal therefrom to the circuit court or other court having jurisdiction of the appeal in the cases and manner hereinafter provided."

Sec. 306.02, Stats., relates to notice of an affidavit for appeal, and, so far as here material, provides:

"(a) The appellant or some person authorized by him must, within twenty days after being served with written notice that judgment has been rendered, make and present to the justice before whom the action was tried, or his successor in office, or any other justice then lawfully having custody of the docket containing such judgment, a notice of appeal, together with an affidavit that the appeal is made in good faith and not for the purpose of delay."

It appears that no order or judgment, as to a forfeiture of bail money or otherwise, was entered in the county court. There was nothing from which defendant could appeal. The circuit court erred in denying the district attorney's motion to dismiss the appeal. There is no occasion to pass upon other questions discussed in the briefs of counsel.

*By the Court.*—Judgment reversed, record remanded with directions to dismiss the appeal to the circuit court.